PEOPLE *ex rel.* FREY *v.* BELL, Police Commissioner.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

　　The dismissal of a patrolman from the police force upon a charge of willfully maltreating and using unnecessary violence towards a prisoner, in violation of rule 133 of the police department, will not be disturbed where an examination of the testimony introduced on the trial shows that relator while making an arrest several times struck the prisoner (who was intoxicated, and who neither resisted arrest nor assaulted relator) on the head with his night-stick.

*Certiorari* to review the action of James D. Bell, police commissioner of the city of Brooklyn, in dismissing relator, Frederick M. Frey, from the police force of said city.

　　Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

　　*J. A. Wernberg*, for relator.　　*F. A. McCloskey*, for respondent.

DYKMAN, J. This is a writ of *certiorari* to review the proceedings of the defendant as commissioner of police of the city of Brooklyn in the trial and dismissal of the relator, who was a patrolman of the police department of the city of Brooklyn. The specification of the charge upon which the relator was tried was "that said patrolman Frey, on September 2, 1888, at 1 A. M., willfully maltreated his prisoner, John McLaren, using unnecessary violenc e towards the same by striking him repeatedly over the head with a night-stick, inflicting severe scalp wounds, while said McLaren did neither resist arrest

nor assault said policeman." The charge was for a violation of rule 133, which is this: "Any member of the force who shall willfully maltreat, or use unnecessary violence towards a prisoner or citizen, on complaint being made, and the fact established by competent testimony, after a due trial had, shall be immediately dismissed from office, or otherwise punished." The relator was tried before the commissioner in the usual manner, and found guilty, and sentenced to dismissal from the police force. An examination of the testimony introduced upon the trial discloses a full justification of the condemnation of the relator. His treatment of the intoxicated man whom he arrested was entirely unjustifiable. He maltreated him and used unnecessary violence towards him, and he therefore fell under the condemnation of rule 133, and his punishment was justified by that rule. The proceeding should therefore be confirmed. All concur.